### L. GOUGH ET AL. v. J. M. COFFIN.

Decided May 1, 1909.

**1.—Broker—Commissions.**

A broker, in order to earn his commission, must find a purchaser not only ready, able and willing to buy his principal's property, but also upon the very terms authorized by the principal.

**2.—Same—Agency.**

The agent or broker authorized to sell must keep within the restricted authority conferred upon him, and strictly pursue the method prescribed by his instructions.

**3.—Same—Sale of Land—Procuring Purchaser.**

Where the broker was authorized to sell 2424 acres of land at five dollars per acre, one-half cash and balance in one, two, three, four and five years with interest at seven percent, a contract entered into by the agent and the alleged purchaser in February by which the latter agreed to pay five dollars per acre, one-half cash and the balance in one, two, three, four and five years, etc., but containing a stipulation that the sale should be closed on or before April 1st next, that time being allowed to the principal to prepare deeds, etc., and the purchaser to complete purchase, and that one thousand dollars paid the broker should be a forfeit on failure of the purchaser to comply, otherwise to be a part of the cash payment, and binding the principal to execute deeds, was not a compliance with the terms authorized by the principal, and did not entitle the broker to commission for procuring a purchaser.

**4.—Same—Evidence—Custom.**

Where, in a suit by the broker for commission, the undisputed facts showed that the alleged sale was not in accordance with the terms authorized by the principal, evidence as to the motive inducing the broker to so draw the contract, and that it was reasonable and customary to so draw it, was properly excluded as immaterial.

Error from the County Court of Hill county. Tried below before Hon. N. J. Smith.

*L. C. McBride,* for plaintiffs in error.

*Morrow & Smithdeal,* for defendant in error.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted by the plaintiffs in error, L. Gough and C. G. Witherspoon, against the defendant in error, J. M. Coffin, to recover $606 commissions alleged to be due them for procuring, as the agents of defendant, a purchaser for a 2,424-acre tract of land owned by defendant situated in Deaf Smith County, Texas. Defendant pleaded a general demurrer, general denial, and that if plaintiffs ever made a contract for the sale of his land the same was not within the time nor upon the terms authorized

by him. The case went to trial, a jury empaneled, and upon the conclusion of the evidence the court peremptorily instructed a verdict for the defendant upon which judgment was duly entered, and the plaintiffs have brought the case to this court by writ of error.

We shall not discuss the several assignments of error in detail. It appearing by the undisputed evidence that the written contract entered into between the plaintiffs and the purchaser procured by them, and upon which they relied and sought to bind the defendant, was not in accordance with the terms and within the scope of the authority given by defendant, the court correctly directed a verdict in his favor. The law is well settled that the broker, in order to earn his commission, must find a purchaser not only ready, able and willing to buy his principal's property, but also upon the very terms authorized by the principal. In this case it appears by the uncontroverted evidence, and is in fact so alleged and admitted by the plaintiffs, that the terms and price upon which plaintiffs were authorized to sell defendant's land were five dollars an acre, one-half cash and the balance in one, two, three, four and five years, respectively, with seven percent interest per annum on deferred payments, the defendant to pay plaintiffs for procuring the purchaser five percent of the purchase price of the land. Plaintiffs claimed to have made a written contract of sale of defendant's land with T. E. Shirley on the 23d day of February, 1906. This contract recites that the terms of sale are five dollars an acre, one-half cash and the balance in one, two, three, four and five years, etc., and in addition thereto provides: "That the said sale shall be closed on or before April 1, 1906, the said J. M. Coffin being allowed that time to prepare his deed of conveyance, abstracts and other muniments of title if need be, and the said T. E. Shirley may be allowed that time, if need be, to complete his purchase, and the said T. E. Shirley now pays to the said Witherspoon & Gough the sum of $1,000 for the said J. M. Coffin and as his legally constituted agents for the sale of the above-described land, the receipt of which is hereby acknowledged, which said sum is to be held by them for the use and benefit of the said J. M. Coffin, until the said J. M. Coffin shall execute and deliver his deeds of conveyance with abstracts showing good and sufficient title to said land when the said G. C. Witherspoon and L. Gough shall deliver said sum of money to said J. M. Coffin and it shall be paid as a part of the cash payment of said land. It is further agreed that the said sum of $1,000 shall be held and considered as a forfeit to said J. M. Coffin in the event that said T. E. Shirley shall fail to comply with his undertakings as herein set forth, and it shall be considered as a part of the cash payment on the purchase of said land and shall be held and binding on the said J. M. Coffin to make and execute his deeds of conveyance as above set forth, to the said T. E. Shirley." The agent or broker, authorized to sell, must keep within the restricted authority conferred upon him, and strictly pursue the method prescribed by his instructions. (Colvin et al. v. Blanchard, 101 Texas, 231; Pomeroy, Specific Performance, 114, sec. 77.) It is apparent the agents in the case at bar did not do so. They were authorized to sell 2,424 acres of land at five dollars per acre, one-half cash, balance payable in one, two, three, four and five years. The entire

purchase price amounts to $12,120. They relied upon the written contract made by them with the alleged purchaser, Shirley. This contract is dated February 23, 1906, and stipulates not that the sale shall be closed at once, but on or before April 1, 1906. It purports to bind Coffin, the principal, to convey the land to Shirley, and acknowledges the receipt by the agents of $1,000 cash; it stipulates that said sum shall not only be held and considered as a forfeit to said principal in the event Shirley shall fail to comply with his contract, but shall be considered as a part of the cash payment on the purchase of said land, "and shall be held and binding on the said J. M. Coffin to make and execute his deeds of conveyance to said Shirley." This was not a compliance with the terms authorized by the principal, Coffin. He empowered the plaintiffs in error to sell only upon a cash payment of one-half of the purchase price, which was $6,060. The case of DeSollar v. Hanscome, 158 U. S., 216, is directly in point. In that case Hanscome, who lived in Wichita, Kansas, owned a lot or parcel of land in Denver, Colorado. He authorized a real estate broker to sell this lot for $5,000, one-half cash, balance in one and two years. The agent sold to DeSollar and entered into a written contract with him wherein it was agreed that "Said DeSollar is to pay five thousand ($5,000) dollars for the lots above described, payments as follows, to wit: two hundred dollars ($200) in cash this day, receipt of which is hereby acknowledged, and twenty-three hundred ($2,300) dollars on or before the evening of the 24th day of the present month of March; the remaining sum of the purchase money ($2,500), one-half, or $1,250, is to be due and payable on or before one year from date of deed, and the other $1,250 in two years, on or before, from date of deed, each sum bearing interest at the rate of eight percent per annum, interest payable semi-annually, payments of these deferred amounts to be secured by notes and deed of trust on the property now bargained for. It is understood that good and sufficient and satisfactory deed is to be made by the said Wm. B. Hanscome for the said described property on or before the 24th day of the present month of March, at which time the papers are all to be dated and executed. It is also further understood that the property conveyed is to be clean and clear of all incumbrance. And it is further understood that if the said DeSollar is or should be in default in meeting the second payment herein provided for, then the $200 paid this day shall be forfeited." In an action for specific performance of this contract the court said: "Obviously the agreement signed by Henry as agent was not within the scope of the authority given. Authority to sell for five thousand dollars, one-half cash, is not satisfied by an agreement to sell for five thousand dollars, two hundred cash and twenty-three hundred dollars in three weeks and the balance on time."

It appearing that the alleged sale to Shirley was not in accordance with the terms authorized by Coffin, the motive that induced his agents to so draw the contract, or the fact that it was reasonable and customary to so draw it, was wholly immaterial, and the assignments complaining of the court's refusal to permit an inquiry into those matters are without merit. The judgment of the court below is affirmed.

*Affirmed.*