### T. E. Shirley v. J. M. Coffin et al.

Decided May 29, 1909.

**Contract of Sale—Specific Performance.**

Where the authority of agents to sell land extended only to making a sale at a certain price per acre, one-half cash and the balance in five equal annual payments, a contract by said agents allowing the purchaser five weeks for making the cash payment, and receiving from the purchaser a certain sum of money as a forfeit or payment on the purchase, was not binding on the principal, and the purchaser could not enforce specific performance of the same.

Appeal from the District Court of Deaf Smith County. Tried below before Hon. J. N. Browning.

*L. C. McBride* and *Knight & Slaton,* for appellant.—The implied powers of an agent are those that are reasonable, necessary, usual or proper to the accomplishment of the purpose of the agency. The authority of even a special agent includes medium powers, which are necessary to the effective execution of the authority. National Bank v. Old Town, 112 Fed., 726; Bass Drygoods Co. v. Granite City Mfg. Co., 119 Ga., 124, 45 S. E., 980; McAlpin v. Cassidy, 17 Texas, 450; Kilpatrick v. Wiley. (Mo.), 95 S. W., 224.

The authority of an agent is not to be determined even by the power actually intended to be conferred, but by the authority as apparent to the person dealing with the agent. 1 Am. & Eng. Ency. of Law, 990; Kingsley v. Fitts, 51 Vt., 414; Griggs v. Seldon, 58 Vt., 561; Merriman v. Fulton, 29 Texas, 103; Gulf, C. & S. F. Ry. v. Hume, 87 Texas, 211.

*W. H. Russell* and *Morrow & Smithdeal,* for appellees.—The contract which was the basis of appellant's suit, purporting to have been executed by agents, and there being no evidence that the alleged agents had authority to make the contract, it was not binding upon appellee, and not enforceable against him. Watkins v. Campbell, 101 S. W., 1078; Donnan v. Adams, 71 S. W., 583; Fisher v. Bowser, 41 Texas, 224; Halsey v. Monteiro, 24 S. E., 258; Mechem on Agency, sec. 89, p. 966; 23 Am. & Eng. Ency. of Law, p. 981.

A real estate broker has no implied authority to bind his principal by written contract to convey land; such authority must be express and clearly established by proof. Mechem on Agency, sec. 966, p. 794; Mechem on Agency, sec. 89, p. 88; Fisher v. Bowser, 41 Texas, 224; 23 Am. & Eng. Ency. of Law, p. 981; 19 Cyc., p. 197; Donnan v. Adams, 71 S. W., 583; O'Reilly v. Keim, 30 Atl., 1063; Gibson v. Gray, 43 S. W., 922; Syme v. Groesbeck, 73 S. W., 972; Ballou v. Bergvendsen, 83 N. W., 10; Halsey v. Monteiro, 24 S. E., 258; Holmes v. Redhead, 73 N. W., 878; Stewart v. Pickering, 35 N. W., 690; Watkins v. Campbell, 101 S. W., 1078.

The term "to sell" used in the employment of a real estate broker means no more than to negotiate the sale by finding a purchaser upon satisfactory terms, and does not authorize the broker to execute for his principal a written agreement binding him to convey his real estate.

Mechem on Agencies, sec. 966, p. 794; Donnan v. Adams, 71 S. W., 581; York v. Nash, 71 Pac., 59; Armstrong v. Lowe, 76 Cal., 616; Carson v. Smith, 77 Am. Dec., 539; Smith v. McCann, 205 Penn. State, 57, 54 Atlanta, 498; 23 Am. & Eng. Ency. of Law, 901; 19 Cyc., p. 177, and con. in note 22; Duffy v. Hobson, 40 Cal., 240, 6 Am. Rep., 617; Grant v. Ede, 85 Cal., 418, 20 Am. State Rep., 237; Milne v. Kleb, 44 N. J. Eq., 378, 14 Atl., 646; O'Reilly v. Keim, 30 Atl., 1063.

Custom or usage does not authorize a real estate broker to sign his principal's name to a written contract to convey land, unless the evidence shows the custom to have been well defined and general and publicly known, or shows it to have been a well defined local custom, the existence and extent of which was known to the principal; and there being in this case no evidence of a general well-defined custom by which the real estate agent, without specific authority, may bind his principal to a written contract, or any evidence of a local custom to such effect which was known to appellee, there was no such proof of usage or custom as authorized Witherspoon & Gough to execute the contract for appellee. Mechem on Agency, sec. 281; Kempner v. Patrick, 95 S. W., 51; Ollenheimer v. Foley, 95 S. W., 688; Missouri, K. & T. Ry. v. Wade, 62 S. W., 807; Reese v. Medlock, 27 Texas, 123; McKinney v. Fort, 10 Texas, 220; Wilson v. Johnson, 43 N. W., 148; Donnan v. Adams, 71 S. W., 580; Buzard v. Jolly, 6 S. W., 422; Neill v. Billingsley, 49 Texas, 161; Mills v. Ashe, 16 Texas, 296.

Even if Witherspoon & Gough were authorized to make a contract obligating Coffin to convey his land, the contract which they made was not binding on Coffin for the reason that it does not purport to sell the land upon the terms authorized by Coffin, in this, that the terms which Coffin authorized the land to be sold was one-half cash, balance on time, while the sale made was for one-twelfth cash, balance on time. Gough v. Coffin, decided May 1, 1909, 120 S. W., 210; De Sollar v. Hanscome, 158 U. S., 216, 39 Law ed., 956; Colvin v. Blanchard, 106 S. W., 323; Taylor v. Read, 113 S. W., 191; Skirvin v. O'Brien, 95 S. W., 696; Halsey v. Monteiro, 24 S. E., 258; Howell v. Denton, 68 S. W., 1002; Mechem on Agency, sec. 966; 19 Cyc., p. 196.

SPEER, ASSOCIATE JUSTICE.—This is an action brought by T. E. Shirley against J. M. Coffin and others, to recover a twenty-four hundred and twenty-four acre tract of land in Deaf Smith County, and to enforce specific performance of a written contract for the conveyance of said land. The trial court peremptorily instructed a verdict for defendants and the plaintiff has appealed.

The contract upon which appellant bases his right to recover is as follows:

"The State of Texas, County of Deaf Smith:

"This indenture entered into in duplicate this the 23d day of February, 1906, by and between J. M. Coffin of Hill County, Texas, acting by and through C. G. Witherspoon and L. Gough as his agents, party of the first part, and T. E. Shirley of McLennan County, Texas, party of the second part, witnesseth:

"That the said party of the first part acting by and through his legally constituted agents, the said C. G. Witherspoon and L. Gough, has this day sold unto the said party of the second part 2,424 acres of land, lying and situate in Deaf Smith County, Texas, and about sixteen miles northwest from Hereford, Texas, and known as the 'Coffin Ranch,' and being the same land purchased from the Capitol Freehold Land & Improvement Company, Limited, by deed dated ――――, 1902, and recorded in volume 9, page 212, of the deed records of Deaf Smith County, Texas, except certain portions of said land heretofore sold off of said purchase, the said original purchase containing 3,704 acres, and being parts of Capitol leagues Nos. 391, 408 and 408½, all in said Deaf Smith County, Texas.

"The terms and conditions of said purchase being as follows: That said T. E. Shirley is to pay the sum of $5 per acre, one-half of said sum to be in cash and the balance in one, two, three, four and five years respectively, with seven percent interest on deferred payments.

"That the sale shall be closed on or before April 1, 1906, the said Coffin being allowed that time to prepare his deed of conveyance, abstracts and other muniments of title, if need be, and the said Shirley may be allowed that time, if need be, to complete his purchase; and the said T. E. Shirley now pays to the said Witherspoon and Gough the sum of $1,000 for the said J. M. Coffin and as his legally constituted agents for the sale of above-described land, the receipt of which is hereby acknowledged, which said sum is to be held by them for the use and benefit of the said J. M. Coffin until the said J. M. Coffin shall execute and deliver his deeds of conveyance with abstracts, showing good and sufficient title to the said land, when the said C. G. Witherspoon and L. Gough shall deliver said sum of money to said J. M. Coffin, and it shall be paid as a part of the cash payment of said land.

"It is further agreed that said sum of $1,000 shall be held and considered as a forfeit to the said J. M. Coffin in the event that said T. E. Shirley shall fail to comply with his undertakings as herein set forth, and it shall be considered as a part of the cash payment on the purchase of said land, and shall be held as binding on the said J. M. Coffin to make and execute his deeds of conveyance as above set forth, to the said T. E. Shirley.

"In testimony whereof witness our hands, this the 23d day of February, 1906.

"J. M. COFFIN,
"Party of first part, by C. G. Witherspoon, Agent,
"L. Gough, Agent,
"T. E. SHIRLEY,
"Party of the second part."

The authority of C. G. Witherspoon and L. Gough as agents of appellee was oral and to the extent only of making a sale at five dollars an acre, one-half cash and the balance in five equal annual payments at seven percent interest. We are of the opinion the peremptory instruction for defendant was right for two reasons: First, because the written contract above set out, whereby the agents sold to appellant appellee's lands, exceeded the agents' authority in extending time

to appellant from February 23, 1906, to April 1, 1906, in which to make the cash payment; and second, because no authority is shown in the agents to receive for their principal the one thousand dollars advanced as a forfeit or payment on the purchase. The first of these reasons is made the basis for affirming a judgment in the case of Gough v. Coffin, 55 Texas Civ. App., 550, 120 S. W., 210, by the Dallas Court of Civil Appeals, in which these agents had sued appellee to recover their commissions for having made this particular sale, and the elaborate reasoning of that opinion commends itself to us.

The judgment of the District Court is therefore affirmed.

*Affirmed.*

Writ of error granted. Judgment affirmed.